| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF KENTUCKY<br>SOUTHERN DIVISION<br>PIKEVILLE | Eastern District of Kentucky<br>FILED<br>FEB 27 2024<br>AT LEXINGTON<br>Robert R. Carr<br>CLERK U.S. DISTRICT COURT |

**CRIMINAL ACTION NO. 7:24-CR-017-KKC**

UNITED STATES OF AMERICA                                                      PLAINTIFF

V.                       **PLEA AGREEMENT**

**DEAN BLAIR**                                                                  DEFENDANT

\* \* \* \* \*

1.  Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count Two of the Indictment. Count Two charges a violation of 21 U.S.C. § 841(a)(1), possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count One of the Indictment.

2.  The essential elements of Count Two are:

    (a) The Defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

    (b) The Defendant had the intent to distribute such substance; and

    (c) The offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

3. As to Count Two, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

> On or about June 20, 2024, in Floyd and Pike Counties, in the Eastern District of Kentucky, police attempted a traffic stop of a vehicle in which the Defendant was a passenger. At that time, the vehicle fled from police at speeds exceeding 120 mph. Approximately five (5) minutes into the pursuit, police observed the Defendant throw out a package from the passenger side of the vehicle. Police eventually recovered the package which contained approximately 885 grams of methamphetamine. The discarded methamphetamine was intended for distribution.

4. The statutory punishment for Count Two is imprisonment for not less than 10 years and not more than life, a fine of not more than $10,000,000, and a term of supervised release of at least 5 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) United States Sentencing Guidelines (U.S.S.G.), manual in effect at the time of sentencing will determine the Defendant's guidelines range.
>
> (b) Pursuant to U.S.S.G. §3B1.2(b), decrease the offense level by 2 levels because the Defendant was a minor participant in the criminal activity.
>
> (c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendants timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

9. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

10. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

11. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 2/27/25   By: _____
Justin E. Blankenship
Assistant United States Attorney

Date: 2/21/25   _____
Dean Blair
Defendant

Date: 2/21/25   _____
Mike Fox
Attorney for Defendant